UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TOWN OF GREENWICH,  :
  Plaintiff,  :
                :
v.  :  Civil No. 3:02cv1616(AVC)
                :
COREGIS INSURANCE COMPANY,  :
  Defendant.  :

### RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This an action for damages arising out of an insurer's, Coregis Insurance Company's ("Coregis"), alleged failure to provide coverage to its insured, the Town of Greenwich ("Greenwich"). It is brought pursuant to common law tenets concerning breach of contract. The defendant, Coregis, has filed the within motion for summary judgment (document no. 19) pursuant to Fed. R. Civ. P. 56, contending that there is no genuine issue of fact and that it is entitled to judgment as a matter of law.

The sole issue presented is whether, under the insurance policy at issue, Coregis was required to provide coverage for the claim made by its insured, Greenwich. For the reasons that hereinafter follow, the court concludes that Coregis was not required to provide coverage for the claim made by Greenwich.

Consequently, Coregis's motion for summary judgment (document no. 19) is GRANTED.

## FACTS

Examination of the complaint, affidavits, pleadings, exhibits, supplemental materials, Local Rule 56 statements and the responses thereto discloses the following undisputed material facts:

On August 5, 1993, Andrew D. Wilson shot and killed John E. Peters while he swam in his pool at his home in Greenwich, Connecticut. On August 5, 1993, at or about 5:30 p.m., Wilson confessed to the murder of Peters.

On August 2, 1995, Katrina V. Peters, the executrix for the estate of John E. Peters, filed suit (the "underlying action") against the Town of Greenwich, John Margenot, the First Selectman of Greenwich, Kenneth Moughty, Chief of the Greenwich Police Department ("GPD"), Roger Wachnicki, a detective with the GPD, and John Campbell, also a detective with the GPD. The underlying action alleged that the defendants' negligence caused Peters' death.

Specifically, the complaint in the underlying action alleged that in the months proceeding Peters's murder, Margenot, Moughty, Wachnicki, and Campbell, had all been made aware that Wilson was unstable, possibly violent, and that he had threatened the life of Peters's on multiple occasions. The underlying action further alleged that the defendants had negligently failed to take action

to protect Peters from Wilson. Additionally, according to the underlying action, at all relevant times, the defendants were acting within the scope of their employment.

At all relevant times, the Town of Greenwich was the named insured on insurance policy number 531002766 ("the policy"), pursuant to which Coregis was the insurer. The policy provides that Coregis would "indemnify the insured for that amount of loss which exceeds the amount of loss payable by underlying policies . . . ." At some time after Katrina V. Peters commenced the underlying action, Greenwich notified Coregis that "its excess may be exposed in this matter . . . ."

On March 18, 2002, Coregis informed Greenwich that, "there is no coverage under the policy for the allegations against these insureds." Coregis relied, in part, on the "public officials errors and omissions exclusion" in denying coverage. That exclusion provided:

> This policy does not apply to any claim made against any insured in their capacity as, or arising out of their activities as a public official and caused by, or alleged to have been caused by, any negligent act, error, or omission of any insured, or any other person for whose actions any insured is legally responsible.

Coregis also relied on the "law enforcement activities limitation" in denying coverage. That limitation provided that:

> This policy does not apply to 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' arising

from any act or omission of your police department or any other law enforcement agency of yours, including their agents or employees.

This exclusion does not apply to:

>    1. 'Bodily Injury' or 'property damage' arising out of the ownership, maintenance or use of an 'automobile';
>
>    or
>
>    2. 'Bodily injury', 'property damage', 'personal injury', or 'advertising injury' arising out of the ownership, maintenance or use of your premises which are ordinarily non-incidental to law enforcement activities.
>
>    Unless such liability is covered by valid and collectible underlying insurance, and then only for which coverage is afforded under said underlying insurance.

On August 13, 2002, Greenwich filed the instant lawsuit against Coregis alleging that Coregis's denial of coverage was a breach of its contract to insure Greenwich.[1] On July 31, 2003, Coregis filed the within motion for summary judgment.

### STANDARD

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute, and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty

---

1. The complaint actually claims it is an anticipatory breach of contract because Greenwich has yet to be found liable in the underlying action.

4

Lobby, Inc., 477 U.S. 242, 256 (1986). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.), cert. denied, 506 U.S. 965 (1992) (quoting Anderson, 477 U.S. at 248). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

## DISCUSSION

Coregis contends that summary judgment should be granted in its favor because Greenwich cannot establish "that its claim for coverage is included within the terms of the insurance policy at issue." Specifically, Coregis contends that coverage is excluded under the law enforcement activities exclusion and the public officials errors and omissions policy exclusion.

1.  The Law Enforcement Activities Limitation

Coregis first contends that: "the law enforcement activities limitation clearly and unambiguously excludes the plaintiffs claim from coverage."

5

Greenwich responds that summary judgment is improper because the law enforcement activities limitation contains language that indicates that the exclusion is inapplicable in this case because Coregis' policy is an excess policy.

The Connecticut supreme court has recently held that:

> [C]onstruction of a contract of insurance presents a question of law for the court . . . . [T]he terms of an insurance policy are to be construed according to the general rules of contract construction. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. . . . However, [w]hen the words of an insurance contract are, without violence, susceptible of two [equally responsible] interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted. . . . [T]his rule of construction favorable to the insured extends to exclusion clauses. . . . Our jurisprudence makes clear, however, that [a]lthough ambiguities are to be construed against the insurer, when the language is plain, no such construction is to be applied. . . . Indeed, courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties.

Galgano v. Metropolitan Property & Casualty Ins. Co., 267 Conn. 512, 519-20 (2004) (internal citations and quotation marks omitted; alterations in original).

Applying these principles, the court concludes that the relevant language is not ambiguous and further that the exclusion bars coverage for Greenwich's claims as they relate to the

6

actions of Moughty, Wachnicki, and Campbell. The law enforcement activities limitation plainly provides that the "policy does not apply to 'bodily injury' . . . [or] 'personal injury' . . . arising from any act or omission of your police department, . . . including their agents or employees." It is undisputed that the underlying action seeks damages based on bodily injury and personal injury. It is also clear that, at least with regard to the claims against Moughty, Wachnicki, and Campbell, their negligence arose out of their failure to perform duties unique to them as members of the police department. Specifically, the complaint alleges that Moughty, Wachnicki, and Campbell negligently failed to: (1) arrest Wilson; (2) investigate Wilson's threats; (3) advise, inform and protect the victim; and (4) take Wilson into protective custody. The complaint also states that, at all relevant times, Moughty, Wachnicki, and Campbell were acting within the scope of their employment as members of the Greenwich Police Department. The court therefore concludes that the claims for personal injury and physical injury "aris[e] from . . . act[s] or omission[s] of [the] police department . . . [and] their agents or employees." Consequently, the court concludes that the plain language of the exclusion contained within the law enforcement activities limitation

7

endorsement denies coverage with regard to the claims asserted against Moughty, Wachnicki, and Campbell.[2]

The final clause of the law enforcement activities limitation endorsement provided: "Unless such liability is covered by valid and collectible underlying insurance, and then only for which coverage is afforded under said underlying insurance." Greenwich contends that this language (the "unless" clause) provides an exception to the otherwise applicable exclusion, where there is valid and collectible underlying insurance. Thus, according to Greenwich, because there is valid and collectible underlying insurance in this case, the "unless" clause provides an exception to the application of the exclusion. The court is not persuaded.

The law enforcement activities limitation endorsement is broken into two sections. The first section of the endorsement contains the exclusionary language and, as indicated above, provides, in part, that the excess policy "does not apply to

---

2. With regard to Margenot, who was serving as the Greenwich First Selectman at the time of the shooting, the underlying action claims, in part, that he failed to properly supervise the GPD. Therefore, the underlying action arguably asserts a claim against Margenot that does not arise out of the actions of the police department, but out of his actions unique to his position of First Selectman. The court need not reach this issue, however, because the court hereinafter concludes that, regardless of the law enforcement exclusion's application to Margenot, there is no coverage for the claims against Margenot under the E&O exclusion.

[various types of injuries] . . . arising from any act or omission of your police department . . . ." The second section of the endorsement, provides that the "exclusion does not apply to: 1. [various claims] arising out of the ownership, maintenance or use of an automobile; or 2. [various claims] arising out of ownership, maintenance or use of your premises which are ordinarily non-incidental to law enforcement activities." (Emphasis Added). The second section of the endorsement therefore provides two exceptions to the otherwise broad exclusionary language contained in the first section.

These exceptions to the exclusion are clearly enumerated and separated by the term "or". The fact that the exceptions are enumerated and separated by the term "or," indicates that there are only two circumstances where the exclusion would not apply, neither of which includes the "unless" clause relied on by Greenwich. In fact, the "unless" clause relied on by Greenwich, is not enumerated, nor is it separated from the other two clauses in the second section of the endorsement with the term "or". These factors strongly militate against the construction urged by Greenwich, namely, that the "unless" clause provides a third non-enumerated exception to application of the exclusionary language. Indeed, to conclude that Greenwich's construction was correct, the court would either need to read out the enumeration of the

other two clauses or add a third enumeration. The court, however, can neither add to, nor subtract, language from an insurance policy and must interpret the policy as drafted. See Hansen v. Ohio Casualty Ins. Co., 239 Conn. 537, 548 (1996) ("each and every sentence, clause, and word of a contract of insurance should be given operative effect").

Additionally, the "unless" clause relied on by Greenwich is separated from the exclusionary language in the first section by the two enumerated clauses discussed above. Also, the "unless" clause relied on by Greenwich is indented under the two enumerate exceptions. These factors further indicate that the unless clause is only intended to relate to, or modify, the two enumerated exceptions to the application of the exclusion. The court therefore rejects Greenwich's reliance on the last portion of the exclusion.

2.  The Public Officials Errors or Omission Exclusion

Coregis next contends that coverage is excluded under the public officials errors or omission exclusion. Greenwich responds that the term "public official" is not defined and "that the policy in dispute will answer to the underlying complaint in the event that the matter is decided against [Greenwich]."

The E&O exclusion endorsement states:

10

> This policy does not apply to any claim made against any insured in their capacity as, or arising out of their activities as a public official and caused by, or alleged to have been caused by, any negligent act, error, or omission of any insured, or any other person for whose actions any insured is legally responsible.

As previously noted, it is undisputed that the claims alleged in the underlying action are that the individual defendants' negligent acts and omissions resulted in John E. Peters' death. More specifically, with regard to Margenot, the First Selectman, the claim is that he negligently failed to supervise the GPD and to cause the arrest of Wilson. Further, the complaint in the underlying action alleges that, at all relevant times, Margenot was acting within the scope of his employment. Thus, Margenot's alleged negligence arises out his activities as a public official. The plain language of the exclusion therefore indicates that the policy does not apply.

Greenwich nevertheless contends that the "the policy does not define what is meant by 'public officials.'" Apparently, Greenwich contends that this renders the exclusion ambiguous. The simple failure to define a term, however, does not render the language of an insurance policy ambiguous. Cf. Buell Industries, Inc. v. Greater New York Mutual Ins. Comp., 259 Conn. 527, 546 (2002) (examining undefined terms contained within the exclusion and concluding that language is unambiguous and clear); Wentland

11

v. American Equity Ins. Co., 267 Conn. 592, 600 (2004) ("the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous") (quoting Moore v. Continental Casualty Co., 252 Conn. 405, 409 (2000)). To the extent that Greenwich means to contend that the term public official does not include a first selectman, the court is not persuaded. In determining the commonly approved usage of an undefined term in an insurance policy, "it is appropriate to look to the dictionary definition of the term." Buell Industries, Inc. v. Greater New York Mutual Ins. Comp., 259 Conn. 527, 539 (2002) (quoting Gartrell v. Dept. of Correction, 259 Conn. 29, 41 n.13 (2002). Webster's defines a "public officer" as: "a person holding a post to which he has been legally elected or appointed and exercising governmental functions." Webster's Third New International Dictionary 1836 (3d. Ed. 1993). Similarly, Black's Law Dictionary defines the term "public official" as: "[a] person elected or appointed to carry out some portion of a government's power." Black's Law Dictionary 1245 (7th Ed. 1999). Clearly, Margenot, sued in his capacity as a first selectman, was holding a post to which he was elected. Additionally, Margenot is alleged to have been negligent in performing his governmental functions. Margenot therefore falls well within the term "public official."

Accordingly, the court concludes that the exclusion applies to Margenot.[3]

## CONCLUSION

For the foregoing reasons, the motion for summary judgment (document no. 19) is GRANTED.

It is so ordered this ___15TH___ day of March, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

---

3. Greenwich also claims that Coregis' motion should be denied as untimely inasmuch as there are outstanding discovery disputes. The court is not persuaded. Insurance contract construction is a question of law, Galgano v. Metropolitan Property & Casualty Ins. Co., 267 Conn. 512, 519 (2004), and not fact. Moreover, Greenwich fails to articulate how additional discovery would alter its arguments presented herein.